The Full Commission has reviewed the January 19, 2000 Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and oral arguments on appeal to the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission modifies and affirms the Deputy Commissioners Opinion and Award and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers Compensation Act.
2. An employee-employer relationship existed between the plaintiff and defendant-employer on February 26, 1996.
3. Plaintiff sustained an injury by accident on February 26, 1996. The defendants acknowledged the plaintiffs right to compensation pursuant to a Form 60, which was filed with the Commission on April 9, 1996. (The Full Commission hereby takes judicial notice of this Form 60.)
4. Plaintiff returned to work for United Chemi Con, Inc. on July 18, 1997 at an average weekly wage of $348.40.
5. The issues to be decided by the Commission are as follows:
(a). Plaintiff contends she is entitled to compensation for a twenty percent permanent impairment to her back, a thirty-six percent permanent impairment to her right arm, and a forty-five percent permanent impairment to her left arm.
(b). Defendants contend there is a secondary issue as to whether the twenty percent permanent disability rating to the plaintiffs back is causally related to the accident of February 26, 1996.
***********
Based upon the competent evidence of record and the reasonable inferences arising therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On February 26, 1996, the date of her accident, plaintiff was 64 years of age. She has worked for the defendant-employer since January 1959.
2. On February 26, 1996, plaintiff was seriously injured when she tripped over a pallet and fell, with both hands outstretched, striking her forehead and both shoulders. She suffered fractures to both arms, with the most severe injury to her left shoulder.
3. Plaintiff underwent a total shoulder replacement to the left shoulder. She also participated in a lengthy physical therapy program.
4. As a result of her injuries, plaintiff was out of work for several months, but the evidence does not establish when or if she returned to work at her pre-injury wages. The parties stipulated only that she returned to work for defendant on July 18, 1997 at a wage of $348.40. (The Full Commission notes that the period of temporary total disability does not appear to be in dispute between the parties.)
5. Although the parties did not stipulate to an average weekly wage, the Form 60 filed by defendants with the Commission on April 9, 1996 reflects a wage of $406.32, with a compensation rate of $270.85.
6. On April 16, 1998, Dr. David F. Martin assessed plaintiff with the following permanent impairments, pursuant to the AMA Guidelines and the North Carolina Workers Compensation Guidelines: thirty-six percent to her right upper extremity and forty-five percent to her left upper extremity. These ratings have not been contested by defendants, and the Full Commission accordingly finds that the plaintiff has sustained these permanent impairments as a result of her injury by accident.
7. Dr. Joseph Hoski, an orthopaedic specialist, evaluated plaintiff at the request of the defendants. Dr. Hoski assessed her with central cord syndrome related to hyperextension from her fall, which is an incomplete injury to the spinal cord itself. A fall with hyperextension and striking the forehead is a classic mechanism for the development of central cord syndrome.
8. As supported by Dr. Hoskis testimony, there is a causal connection between the plaintiffs injury by accident and her spinal cord injury. As a result of her fall, she sustained a back injury referred to as central cord syndrome.
9. Dr. Hoski assigned a twenty percent permanent impairment to plaintiffs back. Although this rating appears to be high, considering that plaintiff did not have surgery on her back, Dr. Hoski testified that this type of injury is actually a more serious injury than a disc injury, since the spinal cord itself has sustained the injury. There is no evidence of record to contradict his assessment of permanent impairment to the plaintiffs back, and therefore it is found to be reasonable and appropriate.
10. Although plaintiff has reached a stable point such that no further surgery is required, it is clear from Dr. Martins records of March 1998 that plaintiff may need additional medical treatment for her injuries from time to time. Therefore, ongoing medical monitoring and treatment is reasonable and should be approved.
11. On or about April 1, 1998, defendants tendered a Form 21 to plaintiff which acknowledged that plaintiff has sustained "bilateral shoulder injuries and central cord syndrome and provided that defendants would compensate plaintiff for the following permanent impairment ratings to her body: twenty percent to her back, thirty-six percent to her right arm, and forty-five percent to her left arm. The defendants then withdrew the offer to pay via the Form 21, apparently contesting the back rating. Although the arm ratings were not disputed, plaintiff has not been compensated for any of the ratings.
12. Defendants presented no evidence to contradict plaintiffs right to compensation for the injuries to her arms, and no evidence of any different ratings from other physicians. There has been no basis for the defendants refusal to enter a Form 26 agreement to pay plaintiff the compensation due for the ratings to her arms and to force this matter to come to a hearing before the Deputy Commissioner on that issue.
13. Dr. Hoski was selected by defendants to conduct an examination of plaintiff. Dr. Hoskis opinion may seem equivocal, and defendants denial of the back injury claim is not a strong position. However the defense of the back claim is not totally without reasonable ground, as to support an award of attorneys fees. The Full Commission finds that Dr. Hoskis testimony supports plaintiffs position that her back injury was caused by her accident. Defendants have presented no evidence which would contradict that opinion and no evidence that his impairment rating of plaintiffs back is not appropriate.
14. As a result of her injury by accident, plaintiff has sustained a 36 percent permanent impairment to her right arm, a 45 percent permanent impairment to her left arm, and a 20 percent permanent impairment to her back, for which she is entitled to compensation pursuant to N.C. Gen. Stat. 97-31.
15. This appeal was brought by the insurer. The Full Commission by this Opinion and Award orders the insurer to make payments of benefits to the injured employee. It is therefore appropriate pursuant to N.C. Gen. Stat. 97-88 for the Full Commission to order that the cost to the injured employee of the appeal, including reasonable attorneys fee to be determined by the Commission, shall be paid by the insurer as a part of the bill of costs. Such reasonable attorneys fee is found to be $1,000.00.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On February 26, 1996, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant resulting in injury not only to her arms but to her back as well. N.C. Gen. Stat. 97-2(6).
2. As a result of her injuries, plaintiff has incurred expenses for reasonably necessary medical treatment. Due to the seriousness of her injuries, additional treatment may be needed in the future. Since defendants accepted this claim pursuant to a Form 60, it appears that all such past medical expenses have been paid. Defendants are also responsible for all expenses to be incurred on plaintiffs behalf for such reasonably necessary medical treatment in the future. N.C. Gen. Stat.97-2(19), 97-25.
3. As a result of her injuries, the plaintiff was unable to earn wages and was totally disabled for a period of time. Although the extent of that period is not clear from the evidence, this does not appear to be at issue between the parties. If necessary, on motion of either party, the case can be reset for the taking of additional evidence on this issue. N.C. Gen. Stat. 97-29.
4. As a result of her injury by accident, plaintiff has sustained a 36 percent permanent impairment to her right arm, a 45 percent permanent impairment to her left arm, and a 20 percent permanent impairment to her back, for which she is entitled to compensation pursuant to N.C. Gen. Stat. 97-31.
5. Plaintiffs attorney has rendered valuable legal services which have resulted in an award of compensation for the rating to plaintiffs back, as well as the final resolution of the ratings to both of her arms. An award of attorneys fees pursuant to N.C. Gen. Stat. 97-88 and 97-90 is appropriate.
6. For purposes of this claim, plaintiff has an average weekly wage of $406.32, with a compensation rate of $270.85 per week.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff for reasonably necessary medical treatment for the injuries she sustained due to her compensable injury by accident of January 26, 1996.
2. Defendants shall pay plaintiff compensation at the rate of $270.85 per week as compensation for her permanent impairment ratings as follows: 86.4 weeks for her 36 percent permanent impairment to her right arm, 108 weeks for her 45 percent permanent impairment to her left arm and 60 weeks for her 20 percent permanent impairment to her back. Payments shall begin as of April 16, 1998. All compensation which has accrued to date shall be paid in a lump sum. All compensation awarded is subject to the attorneys fee approved below.
3. Defendants shall pay directly to plaintiffs counsel 25% of the amounts ordered paid in paragraph 2 above. This 25% shall be paid to counsel at the time payment of the lump sum is made with respect to the lump sum. For ongoing compensation, defendants shall pay directly to plaintiffs counsel every fourth check.
5. Defendants shall pay the costs, including an expert witness fee of $300 to Dr. Hoski and an additional $1,000.00 to plaintiffs counsel pursuant to N.C. Gen. Stat. 97-88.
6. Interest at the rate of 8% per annum shall be paid directly to plaintiff. Interest shall be calculated from June 24, 1999, the date of the hearing before the Deputy Commissioner.
This 6th day of September 2000.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/________________ RENÉE C. RIGGSBEE COMMISSIONER